IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-35 |
| | ) | (JARVIS/SHIRLEY) |
| MANEUS L. BISHOP, also known as "MAN," | ) | |
| MARCUS JOHNSON, | ) | |
| ANTHONY D. DEAN, also known as "TONY," | ) | |
| and FIDELITY L. MURCHISON, also known | ) | |
| as "DALE," | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on May 26, 2005, for a scheduled pretrial conference and motion hearing. Assistant United States Attorney Michael Winck was present representing the government. Attorney Wayne Stambaugh was present representing Defendant Johnson, Attorney A. Philip Lomonaco represented Defendant Dean, and Attorney Angela Morelock was present representing Defendant Murchison. All three defendants were present as well. Neither Defendant Bishop nor his attorney, Douglas Trant, were present for the hearing, having requested and received permission to miss the hearing because Defendant Bishop has a signed plea agreement.

At the hearing, the Court took up the following pending motions:

(1) [Motion for ] Bill of Particulars [Doc. 28], filed on April 18, 2005, by Defendant Dean;

1

(2) Motion of Defendant Marcus Johnson to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency, or Preferred Treatment [Doc. 38], filed on May 12, 2005;

(3) Motion of Defendant Marcus Johnson for Disclosure of Any Rule 404(b) Evidence the Government Intends to Introduce at Trial [Doc. 40], filed on May 12, 2005;

(4) Motion for a Bill of Particulars [Doc. 42], filed on May 12, 2005 by Defendant Johnson;

(5) Motion for Early Jencks Material [Doc. 43], filed on May 12, 2005 by Defendant Johnson;

(6) Defendant Fidelity Murchison's Motion for Disclosure of Informants [Doc. 50], filed on May 19, 2005;

(7) Defendant Fidelity Murchison's Motion for Hearing to Determine Existence of Conspiracy [Doc 52], filed on May 19, 2005;

(8) Motion for Witness Statements [Doc. 54], filed by Defendant Murchison on May 19, 2005; and

(9) Motion for Bill of Particulars [Doc. 55], filed by Defendant Murchison on May 19, 2005.

The Court will proceed to address these motions in turn.

## I. DISCOVERY FORMAT REQUEST

Although styled as a bill of particulars request, Defendant Dean moves the Court to order the government to provide compact disks ("CD's") of intercepted telephone conversations that (1) contain only his conversations and (2) can be played on a typical, personal CD player rather than a computer. He maintains that this format is necessary because the three CD's provided by the government in discovery contain seventy-four hours of telephone conversations in digital files that cannot be played on a personal CD player. He contends that he needs these materials on CD's that

2

can be reviewed with a personal CD player so that the defendant can listen to them while incarcerated pending his trial.

At the May 26 hearing, defense counsel agreed that this motion was more of a discovery request. The government stated that it had provided counsel with a CD containing just those conversations in which Defendant Dean participated. It also noted that it had provided transcripts of those conversations that it had identified as pertinent. It said that it was not aware of the means by which it could transfer the information from the CD's, which it gave to the defendant, to a format that would permit them to be played on a personal CD player. Attorney Morelock informed the Court that there was a free software program that could convert the present CD's to a MP3 format, which can be played on a personal CD player.

Noting the government's provision of the CD containing only Dean's conversations and the transcripts, the Court found that the parties appeared to be working through this difficulty. The parties agreed to work together to find the applicable software to make the CD's readable with an ordinary personal CD player. The Court directed the parties to report back to the Court on their progress on this motion at the June 15, 2005 pretrial conference. This motion was held in abeyance until then.

At the June 15 pretrial conference, Attorney Lomonaco appeared on behalf of Defendant Dean and AUSA Winck represented the government. Mr. Lomonaco informed the Court that by working with someone from the U.S. Attorney's office, he discovered a program that could extract the pertinent files from the digital CD's and convert those files into an MP3 format. Mr. Lomonaco agreed with the government that this issue was now purely academic with regard to Defendant Dean, who had entered into a signed plea agreement, but offered to continue to refine the

3

conversion process for use in future cases. The Court provided Mr. Lomonaco and AUSA Winck with a memorandum regarding another conversion program and suggested that once the parties confirmed the usefulness of either of the conversion programs, that the government provide a memorandum on the conversion process with future discovery.

Accordingly, Defendant Dean's discovery request [**Doc. 28**] is **DENIED as moot** because it appears that the parties have been or will be able to work out the formatting problems.

## II. DEFENDANT JOHNSON'S MOTIONS

Defendant Johnson has filed four motions [Docs. 38, 40, 42 and 43] on various discovery issues. At the May 26 hearing, counsel for Johnson stated that the defendant had a signed plea agreement and had scheduled a change of plea. He moved to withdraw his motions. The Court finds that the defendant entered a change of plea in this case on June 2, 2005. Accordingly, the defendant's four pending motions [**Docs. 38, 40, 42 and 43**] are **DENIED as moot**.

## III. DISCLOSURE OF INFORMANTS

Pursuant to Roviaro v. United States, 353 U.S. 53 (1957), Defendant Murchison asks the Court to order the government to disclose the names and addresses of all informants used in this case. She contends that the government relied on confidential informants for information leading to search warrants and that she must investigate whether the government reasonably relied on these sources in order to move to suppress the evidence. She asserts that any confidential informant is a key witness for the government and must be disclosed. The government responds [Doc. 60] that disclosure of the identity of a confidential informant is not required unless the informant was a

4

participant in the crime. At the May 26 hearing, defense counsel for Defendant Murchison stated that this motion was now moot because the defendant had already determined the identity of the confidential informant. Accordingly, the defendant's motion for disclosure of informants [**Doc. 50**] is **DENIED as moot**.

## IV. HEARING ON EXISTENCE OF CONSPIRACY

Pursuant to <u>United States v. Vinson</u>, 606 F.2d 149 (6th Cir. 1979), Defendant Murchison requests a pretrial hearing to determine the existence of the conspiracy before any coconspirator statements can be admitted at trial. She argues that the only discovery materials mentioning her are the statements of others to federal agents. She maintains that a pretrial hearing on this matter would avoid inadmissible hearsay and would preserve her rights to a fair trial and due process.

The government responds [Doc. 57] that the trial court may permit the government to present statements of coconspirators at trial subject to its proving the conspiracy by the conclusion of its case in chief. It asserts that this method is the preferred way of dealing with this issue in this district. Moreover, at the May 26 hearing, the government stated that it had given the defendant a summary of its case and that, therefore, the evidence against the defendant would not be a surprise.

With regard to the determination of the existence of the conspiracy as a requirement of introducing a co-conspirator's statement, the Sixth Circuit has approved three potential procedures for resolving this issue: (1) holding a pretrial hearing, (2) requiring at trial that the government present evidence of the conspiracy before presenting the co-conspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at trial but

5

instructing the jury that the government must prove the conspiracy before it can consider the statement. Vinson, 606 F.2d at 152-53. The Court notes that it is the general practice in this district to use the third of these options. In any event, the defendants' motion [Doc. 52] relates directly to trial procedures and/or the admissibility of evidence at trial and will be addressed by the trial judge, District Judge James H. Jarvis. Accordingly, the undersigned **DEFERS** ruling on Defendant Fidelity Murchison's Motion for Hearing to Determine Existence of Conspiracy [**Doc. 52**] to Judge Jarvis, who will decide it either before or during trial as he deems appropriate.

## V. DISCLOSURE OF WITNESS STATEMENTS

Defendant Murchison asks [Doc. 54] the Court to order the government to provide witness statements prior to trial in order to avoid unnecessary delay at trial. The government responds [Doc. 61] that it will provide the witness's statement after that witness testifies on direct examination at trial.

The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2. The Sixth Circuit has upheld the government's right under this statute to withhold witness statements or reports, even those that would be favorable to the defendant's defense, until after the witness testifies: "The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the

6

government may not be compelled to disclose Jencks Act material before trial." Presser, 844 F.2d at 1283.

Although the Jencks Act permits the government to wait for disclosure until after the witness testifies, the Sixth Circuit has encouraged the government to provide the information earlier in appropriate cases in order to prevent delay at trial. See United States v. Minsky, 963 F.2d 870, 876 (6th Cir. 1992). Additionally, this Court's Order on Discovery and Scheduling [Doc. 17, para. O] strongly encourages the early production of Jencks materials "as soon as possible and well before the testimony of the government witness in order to avoid undue interruptions of trials." However, the Sixth Circuit recognizes that in some cases the government may have a substantial reason for waiting until after the witnesses testimony to disclose the Jencks material. See United States v. Algie, 667 F.2d 569, 572 (6th Cir. 1981). Accordingly, the Court finds that it has already encouraged early disclosure [see Doc. 17, para. O]. The Court notes that the defendant has stated no compelling need for pretrial disclosure beyond that which the Court has encouraged. The defendant's Motion for Witness Statements [**Doc. 54**] is **DENIED**.

## VI. BILL OF PARTICULARS

Pursuant to Rule 7(f), Fed. R. Crim. P., Defendant Murchison asks [Doc. 55] the Court to require the government to identify all known but unindicted coconspirators. She argues that the broadness of the charges obligate the government to particularize this narrow issue in order to ensure her rights to a fair trial and due process as well as her protection against double jeopardy. She maintains that such particularization is also necessary to avoid surprise and to allow adequate preparation of her defense. In its response [Doc. 59], the government identifies eighteen known

7

coconspirators, including the defendant.

At the May 26 hearing, defense counsel stated that she was also seeking a bill of particulars stating the dates of the particular transactions in which the defendant was involved. She noted that the indictment alleges that the drug conspiracy lasted from 2002 to March 23, 2005. She contended that knowing the dates or even the months of the particular transactions in which Defendant Murchison was allegedly involved would help in developing her defense to the charges. The government stated that it was not aware that the defendant was also seeking dates but that Defendant Murchison had been involved in a relationship with another coconspirator, Brinson, and therefore, was involved the entire time. The Court granted the government additional time to respond to the defendant's motion for particularization of the dates of her involvement in the alleged conspiracy.

The government filed a supplemental response [Doc. 68] contending that it is not required to provide a bill of particulars informing the defendant of when she is alleged to have joined the conspiracy or the precise dates, times, and locations relevant to the charges in the indictment. It also notes that it is not required to allege or prove overt acts performed in furtherance of the conspiracies alleged in counts one and two. The government argues that the defendant is essentially seeking to discover the government's evidence against her rather than to clarify her charges. It maintains that it should not be required to provide details of the overt acts committed by the defendant because such overt acts are not elements of the offenses charged. Defendant Murchison has filed no reply to this response.

Intially, the Court rules that the defendant's request for a bill of particulars identifying the unindicted coconspirators is **DENIED as moot** because the government has provided

8

the names of all known coconspirators in its response. With regard to the defendant's request that the government particularize the dates of her involvement in the alleged conspiracies, the Court notes that the defendant is charged in two counts of the seven count indictment [Doc. 10] with (1) conspiring to possess with intent to distribute five kilograms of cocaine and fifty grams of crack and (2) conspiring to conduct financial transactions in interstate commerce involving drug proceeds. Both conspiracies are alleged to have occurred from 2002 to March 23, 2005.

Federal Rule of Criminal Procedure 7(f) states that

> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). The granting of a bill of particulars is within the court's discretion. See Id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other grounds by statute, United States v. Caseslorente, No. 98-6217, 2000 WL 0240P (6th Cir. July 20, 2000) (on sentencing issue).

The government cites United States v. Robinson, 390 F.3d 853, 867 (6th Cir. 2004) in support of its contention that it is not required to particularize the precise dates, times, and

9

locations relevant to the conspiracy charges. In Robinson, the defendant, who was charged with conspiracy to distribute marijuana and cocaine from April 1999 to August 2004, alleged in part that a bill of particulars was necessary to identify the scope of the conspiracy. Id. The Sixth Circuit upheld the district court's denial of a bill of particulars as being within the court's discretion because the defendant had failed to prove actual prejudice with his general allegation that it was the routine practice of the courts in the Eastern District of Tennessee to deny requests for bills of particulars. Id.

The Court notes that the Sixth Circuit has upheld the denial of a request for particularization of the dates of a defendant's involvement in a conspiracy when the indictment gave the beginning and ending dates of the alleged conspiracy. See United States v. Hayes, No. 88-5967, 1989 WL 105938, ** 3 (6th Cir. Sept. 14, 1989); see also, United States v. Rey, 923 F.2d 1217, 1222 (observing that the defendant knew the dates involved as alleged in the indictment in holding that he was not entitled to know the names of co-conspirators). In Hayes, the court held that the failure to provide the precise date that a defendant joined a conspiracy when the indictment alleged it lasted from "early 1987 to November 17, 1987," was not error because "the indictment was not so vague that [the defendant] could not discern the nature of the charges pending against him and the time frame in which the alleged acts occurred, or that the indictment did not provide him with adequate information to prepare a defense." Hayes, No. 88-5967, at ** 3.

Although these cases suggest that the provision of more specific dates beyond the broad time frame alleged in the indictment is not necessary, the Sixth Circuit has also upheld the provision of more specific dates of a coconspirator's involvement when the trial court exercised its discretion to order those dates disclosed. See, e.g., United States v. Arnold, 890 F.2d 825, 829 (6th

10

Cir. 1989) (holding that the defendant was not misled by a bill of particulars providing the defendants were involved in the conspiracy prior to the arrival of a certain shipment of marijuana and during the several weeks comprising the distribution phase of the conspiracy); see also United States v. Dempsey, 733 F.2d 392, 394 (6th Cir. 1984) (concluding that a bill of particulars giving the approximate date that each defendant entered the conspriacy gave adequate notice of the charges). Thus, the necessity of providing a bill of particulars giving the dates of an alleged conspirator's involvement turns upon the information available to that defendant from the indictment and discovery or other sources in his or her particular case.

In the present case, the Court finds that the indictment alleges a time frame of approximately three years during which the charged conspiracies purportedly occurred. The length of this time frame suggests the need for additional particularization in order for the defendant to prepare a defense to the charges. On the other hand, the government stated at the May 26, 2005 hearing that it had provided the defendant with a summary of its evidence in the case as well as a CD containing only those intercepted telephone conversations which related to her. Additionally, AUSA Winck stated that Defendant Murchison was involved throughout the entire conspiracy due to her relationship with another coconspirator.

The Court held another pretrial conference on June 15, 2005. Attorney Angela Morelock was present on behalf of Defendant Murchison, and Assistant United States Attorney Michael Winck represented the government. The defendant was also present. At this hearing, Attorney Morelock contended that she actually needed to know a date in 2002 when the conspiracies are alleged to have begun in order to prepare to defend the case. AUSA Winck stated that for purposes of Defendant Murchison, the conspiracies began on September 23, 2002. He said that the

11

government would not offer anything before that against Defendant Murchison, who is the sole remaining defendant proceeding to trial in this case. Accordingly, because the government has provided the names of the unindicted coconspirators and the starting date of the conspiracies as requested by the defendant, the defendant's Motion for Bill of Particulars [**Doc. 55**] is **DENIED as moot**.

## VII. CONCLUSION

Accordingly, it is **ORDERED**:

(1) Defendant Dean's discovery request [**Doc. 28**] is **DENIED as moot**;

(2) Defendant Johnson's four pending motions [**Docs. 38, 40, 42 and 43**] are **DENIED as moot**;

(3) Defendant Fidelity Murchison's Motion for Disclosure of Informants [**Doc. 50**] is **DENIED as moot**;

(4) Defendant Fidelity Murchison's Motion for Hearing to Determine Existence of Conspiracy [**Doc. 52**] is **DEFERRED** to the District Court for ruling either before or during trial;

(5) The defendant's Motion for Witness Statements [**Doc. 54**] is **DENIED**; and

(6) Defendant Murchison's Motion for Bill of Particulars [**Doc. 55**] is **DENIED as moot**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge