UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MANEUS L. BISHOP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos: 3:05-cr-035 |
| | ) | 3:10-cv-089 |
| | ) | *Judge Phillips* |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Maneus L. Bishop ("petitioner"). The government has filed its response to the motion and petitioner has filed his reply. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

I.   Standard of Review

This court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Pursuant to a written plea agreement, petitioner pleaded guilty to one count of conspiring to distribute five kilograms or more of cocaine hydrochloride and 50 grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A), and one count of conspiring to launder money, in violation of 18 U.S.C. § 1956(h). He was sentenced to concurrent terms of imprisonment of 275 months on the drug conviction and 240 months on the money laundering conviction, for a total effective sentence of 275 months; the sentence was below the advisory guideline range of 360 months to life. [Criminal Action No. 3:05-cr-35, Court File No. 146, Judgment].

As part of his plea agreement, petitioner agreed to fully cooperate with the government and its agents. [*Id.*, Court File No. 88, Plea Agreement, pp. 3-4,¶ 5]. He also agreed to disclose all of his assets, and to forfeit all drug proceeds and other property

associated with his drug activities. [*Id*. at 10-11, ¶ 16]. In return, the government agreed to file a motion for a downward departure should petitioner provide substantial assistance. [*Id*. at 5-6, ¶ 10]. The government was relieved of its obligations under the plea agreement if petitioner gave a false statement to a federal agent. [*Id*. at 4, ¶ 7]. At sentencing, while acknowledging that petitioner provided substantial assistance, the government nevertheless refused to move for a downward departure and argued that petitioner had breached the terms of the plea agreement by concealing assets. The district court agreed and found that petitioner breached the plea agreement. [*Id*., Court File No. 152, Transcript of Proceedings, pp. 81-82].

Petitioner appealed, among other things, the findings that he had breached the plea agreement and thus the government was relieved of its obligation to move for a downward departure. The sentence was affirmed on direct appeal. *United States v. Bishop*, 306 F. App'x 934 (6th Cir.), *cert. denied*, 129 S. Ct. 2174 (2009). The Sixth Circuit specifically upheld the findings that petitioner had breached the plea agreement by concealing assets and that the government was not required to move for a downward departure. *Id*. at 936-39.

In support of his § 2255 motion, petitioner alleges the following substantive claims: (1) he received ineffective assistance of counsel with respect to his guilty plea and at sentencing; (2) the district court failed to insure that petitioner understood the nature of the charges to which he was pleading; and (3) the government breached the plea agreement by refusing to file a motion for downward departure.

3

III.  Discussion

*A. Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The two-part test of Strickland also applies to ineffective assistance of counsel claims in cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52 (1985).

4

> We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*, [411 U.S. 258 (1973)], and *McMann v. Richardson*, [397 U.S. 759 (1970)]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Id*. at 58-59 (footnote omitted).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges that the stipulation of facts exceeded the actual drug amounts and that his attorney allowed him to sign off on drug amounts that were not supported by the evidence. The indictment charged petitioner with conspiring to distribute five kilograms or more of cocaine hydrochloride and 50 grams or more of cocaine base. [Criminal Action No. 3:05-cr-35, Court File No. 10, Redacted Indictment, pp. 1-2]. In the agreed factual basis in support of his guilty plea, petitioner stipulated to the following drug amounts for which he would be held accountable:

> The parties agree that for purposes of sentencing, the amount of cocaine hydrochloride for which defendant is accountable, for sentencing guideline purposes, is greater than 50 (fifty) and less than 150 (one hundred and fifty)

> kilograms; and the amount of cocaine base for which defendant is accountable, for sentencing guideline purposes is greater than 50 and less than 150 grams; and the appropriate offense level based on drugs alone pursuant to U.S.S.G. § 2D1.1 is a level 36.

[*Id.*, Court File No. 89, Stipulation of Facts, p. 2, ¶ 3].

To the extent petitioner is challenging the sufficiency of the evidence against him, he waived his right to do so by pleading guilty. *See United States v. Turner*, 272 F.3d 380, 389 (6th Cir. 2001) (an "unconditional guilty plea waives all nonjurisdictional defenses" to a conviction); *see also United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); *United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987) ("an attack on the sufficiency of the evidence that might have been produced at trial" is waived by a plea of guilty); *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982) (a plea of guilty is an admission of all material facts alleged in the charge and constitutes a waiver of all non-jurisdictional defects and defenses).

Petitioner also states that he should not be held accountable for the amount of drugs for the entire conspiracy which consisted of more than 12 dealers and suppliers. This claim lacks merit. A defendant's "participation in an organized conspiracy constitute[s] a single violation of § 841(a). It [is] therefore proper for [a] district court to aggregate the amounts of drugs attributable to [the defendant]" for purposes of sentencing. *United States v. Pruitt*, 156 F.3d 638, 645 (6th Cir. 1998). It is important to note also that during his guilty plea hearing, petitioner was specifically asked whether he agreed with the quantities of cocaine

in the Stipulation of Facts. [Criminal Action No. 3:05-cr-35, Court File No. 151, Transcript of Change of Plea, pp. 7-8]. He acknowledged his agreement with the amounts as well as his understanding that the quantities were important because they would determine his sentence. [*Id*. at 8]. Accordingly, petitioner's attorney did not render ineffective assistance of counsel by allowing petitioner to stipulate to the amount of drugs involved in the conspiracy.

Petitioner also alleges that his attorney led him to believe he would receive a sentence of 188 months and further promised that he would receive a motion for downward departure based upon substantial assistance. As noted *infra*, however, petitioner's plea agreement stated that his sentence would be based upon the entire scope of his criminal conduct as well as other sentencing factors, and that any motion for downward departure was at the sole discretion of the government. Also, as noted *infra*, petitioner acknowledged during the Rule 11 hearing his understanding that his sentence would be based upon the sentencing guidelines and other factors to be considered by the court. Petitioner cannot now claim that his attorney promised him a specific sentence and his claim of ineffective assistance in that regard lacks merit.

To the extent petitioner alleges his attorney should have objected to the two level enhancement to his base offense level for obstruction of justice, the claim lacks merit. The enhancement was based upon the fact that petitioner recklessly created a substantial risk of death or serious bodily injury to another person when he struck an unmarked police car while fleeing from law enforcement during a drug sale. Petitioner argues that the state charges

which resulted from the incident were subsequently dismissed. The dismissal of the state charges, however, is not relevant to a enhancement pursuant to U.S.S.G. § 3C1.2.

To the extent petitioner alleges his attorney should have objected to the base offense level which relied on the total amount of drugs, that claim likewise lacks merit. As noted previously, petitioner stipulated to the amount of drugs for which he would be held accountable. The fact that he stipulated to a greater amount of drugs than that named in the indictment is not relevant. *See, e.g., United States v. Calloway*, 89 F. App'x 982, 984-85 (6th Cir. 2004) (defendant who stipulated to quantity of drugs in guilty plea waived the right to have a jury determine guilt beyond a reasonable doubt on that element of the offense).

Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

## B. Voluntariness of Guilty Plea

In 1969, the Supreme Court held that, prior to the acceptance of a guilty plea, there must be "an affirmative showing that it [is] intelligent and voluntary." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A guilty plea cannot be knowing and voluntary unless entered with the defendant's full understanding of the charges against him and the possible consequences of his plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). Petitioner alleges that the district court failed to insure that he understood the nature of the charges to which he pleaded guilty. This claim is contradicted by the record.

Petitioner's plea agreement stated that he was pleading guilty to one count of conspiring to distribute five kilograms or more of cocaine hydrochloride and 50 grams or

more of cocaine base, for which he was facing a mandatory minimum sentence of 10 years to life, and one count of conspiring to launder money, for which he was facing a sentence of up to 20 years. [Criminal Action No. 3:05-cr-35, Court File No. 88, Plea Agreement, pp. 1-2, ¶¶ 1 and 2]. The parties agreed that the court could impose any lawful term of imprisonment up to the statutory maximum. [*Id*. at 3, ¶ 4(a)]. Petitioner acknowledged that his sentence would be based upon the entire scope of his criminal conduct, his criminal history, the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553. [*Id*. at 5, ¶ 9]. The plea agreement contemplated a motion for downward departure based upon substantial assistance, but specifically provided that "[t]he decision of whether or not to file a motion for downward departure lies within the sole discretion of the United States." [*Id*. at 6, ¶ 10]. Petitioner acknowledged the elements of the crimes that the government would be required to prove beyond a reasonable doubt. [*Id*. at 7-8, ¶ 13]. He further acknowledged the rights he was giving up by pleading guilty and that his guilty plea was voluntarily and not the result of force, threats, or promises. [*Id*. at 8-9, ¶ 14].

In accepting petitioner's guilty plea, the court fully complied with the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. [*Id*., Court File No. 151, Transcript of Change of Plea]. The court first determined that petitioner had attended school through the tenth grade. [*Id*. at 5]. The court next determined that counsel had advised petitioner as to the nature and meaning of the charges against him and the elements of the offenses which the government was required to prove beyond a reasonable

doubt. [*Id*. at 8-9]. The court then advised petitioner of the minimum and maximum penalties that he was facing. [*Id*. at 10-11].

The court next confirmed that petitioner understood that the court would use the sentencing guidelines in addition to other factors to determine an appropriate sentence. [*Id*. at 12]. The court then advised petitioner of the rights he was giving up by pleading guilty. [*Id*. at 14]. Petitioner acknowledged that no person, officer, or agent of the government had pressured him to plead guilty. [*Id*. at 15]. The court next determined that petitioner was competent to enter a guilty plea. [*Id*. at 16]. The court then accepted the guilty plea.

> The Court finds that the Defendant is in full possession of his faculties and competent to plead guilty, he's not under the apparent influence of any narcotics, mind altering drug, or alcohol, he understands the nature and charges to which the plea has been offered, he understands what the mandatory minimum penalties are and the maximum possible penalties are under the law and under the guidelines, and he's waived his Constitutional rights to a trial, and he's aware of a Plea Agreement made on his behalf, and he's offering to plead guilty here voluntarily. Therefore, I will accept your plea of guilty.

[*Id*. at 16-17].

The Court of Appeals for the Sixth Circuit has held that a defendant's sentence will not be vacated on the ground that the plea of guilty was coerced or is otherwise illegal where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961). It is well-settled that where a court scrupulously follows the requirements of Fed. R. Crim. P. 11,

"'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice").

Based upon the foregoing, petitioner cannot now allege that his guilty plea was not knowing and voluntary, or was otherwise invalid. The record reflects that petitioner knowingly and voluntarily signed the plea agreement and pleaded guilty.

### C. Government's Breach of the Plea Agreement

Petitioner alleges that the government breached the plea agreement by refusing to file a motion for downward departure. This is essentially the same argument that he raised on direct appeal. Petitioner cannot use a § 2255 proceeding to relitigate issues decided adversely to him on direct appeal absent extraordinary circumstances, which are not present here. *See, e.g., Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) ("It is ... well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law.") (citations omitted).

## IV. Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** petitioner leave to proceed in forma

pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

 s/ Thomas W. Phillips  
United States District Judge
